IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

MARK D'WAYNE SUMRELL                                           PETITIONER

V.                                                             NO. 4:08CV068-P-S

STATE OF MISSISSIPPI, et al.                                   RESPONDENTS

**MEMORANDUM OPINION**

This cause comes before the court on the petition of Mark Sumrell ("Petitioner" or "Sumrell") for a writ of *habeas corpus* pursuant to 28 U.S.C. § 2254. The parties have submitted their briefs along with exhibits and this matter is ripe for review.

*A. Factual Background*

On October 13, 2003, Sumrell entered a Kroger grocery store in Greenville, Mississippi. A plain-clothed security guard observed Sumrell enter the store and go directly to a rack of leather jackets. He saw Sumrell take one of the jackets and walk further into the store. The guard followed Sumrell and watched as he put on the jacket. The guard noticed that the tags had been removed from the jacket. Sumrell then made his way towards the exit without paying for the jacket. The guard intercepted Sumrell and asked that he remove the jacket. He detained Sumrell in the store's office until police arrived. Sumrell was arrested for shoplifting. Since he had two prior shoplifting convictions, he was charged with third-offense felony shoplifting. *See* Miss. Code Ann. § 97-23-93(6). On May 5, 2004, the State filed a motion to amend the indictment "correcting a typographical error" to reflect Miss. Code Ann. § 99-19-83 rather than § 99-19-81. That same day the motion was granted. Over Defendant's objections to the amendment, Sumrell's trial began on May 17, 2004. He was found guilty by a jury of his peers and sentenced as an habitual offender to life imprisonment without the possibility of parole. *See* Miss. Code Ann. § 99-19-83.

The felony shoplifting sentencing order states, in relevant part,

> The Court adjudicates the defendant as a habitual criminal pursuant to Miss.
> Code Ann. § 99-19-83, as the defendant has been previously convicted of two prior

> felonies separately brought and arising out of separate incidents at different times and having been sentenced to serve separate terms of one (1) year or more in a state or federal penal institution, and one (1) of such felonies having been a crime of violence. On September 23, 1991, the defendant was convicted of the felony crime of Robbery in Washington County cause number 22,242 and was sentenced to serve a term of one (1) year or more in the custody of the Mississippi Department of Corrections. On February 22, 1993, the defendant was convicted of the felony crime of Possession of Cocaine in Washington County cause number 23,007 and was sentenced to serve a term of one (1) year or more in the custody of the Mississippi Department of Corrections.

Sent. Or. (Cir. Ct. Washington County Apr. 26, 2005).

Sumrell appealed his conviction, which was affirmed by the Mississippi Court of Appeals. *See Sumrell v. State*, 972 So.2d 648 (Miss. App. 2006). With the assistance of counsel, Sumrell then filed a petition for writ of certiorari in the Mississippi Supreme Court. Certiorari was granted and relief was ultimately denied. *Sumrell v. State*, 972 So.2d 572 (Miss. 2008). Sumrell also filed a pro se petition for leave to seek post-conviction relief which was denied by the State's highest court. Sumrell filed the instant petition on May 27, 2008, setting forth essentially four grounds for relief.

**Grounds for Relief**

In support of his petition, Sumrell asserts:

Ground One: The sentence imposed violates due process.

Ground Two: Counsel was ineffective for failing to sufficiently object to the amended indictment.

Ground Three: There is newly discovered evidence not previously presented that requires vacation of the sentence.

Ground Four: The life sentence imposed is disproportionate to the crime.

It is important to note, that Sumrell never challenges the validity of the underlying conviction for felony shoplifting. Each of his Grounds for relief focus upon the sentence he received as a result of his conviction. The court, therefore, expresses no opinion about the soundness of his guilt arising out of the substantive charge. This opinion, rather, will focus only upon Sumrell's sentence as an habitual offender.

## B. Limitations on Review

Consideration of a federal petition for habeas corpus is a two-tiered procedure. Before considering the merits of any claim the court must first determine if all procedural steps necessary to preserve each issue raised for federal review have been taken. The petition must be timely filed. Secondly, each claim in the petition must have been exhausted. 28 U.S.C. § 2254(b)(1). A claim is deemed exhausted if it has been presented to the highest court in the state, here the Mississippi Supreme Court, either on direct appeal or by post-conviction proceedings. If the claim is exhausted the court generally proceeds to the merits. If the claim is not exhausted and state post-conviction relief is no longer available, the claim will be finally dismissed. *Sones v. Hargett*, 61 F.3d 410 ,416 (5th Cir. 1995).

Petitioners must also meet state procedural requirements in the state court proceedings. If the state court, pursuant to its regularly enforced rules and procedures, refuses to consider an issue on the merits because of a procedural violation, the federal courts will almost never consider the procedurally defaulted claim. *Sayre v. Anderson*, 238 F.3d 631, 634 (5th Cir. 2001). To avoid the bar of a procedural default, the petitioner must show "cause and prejudice" or a "fundamental miscarriage of justice." *Moawad v. Anderson*, 143 F.3d 942, 947 (5th Cir. 1998).

If all the procedures have been followed in state court, the federal courts will then address issues affecting substantial federal constitutional rights. The federal courts do not function as super appellate courts over the states and hold no supervisory authority over those courts. The federal courts may not correct errors of state law unless they also violate the constitutional rights of an accused. *Smith v. Phillips*, 455 U.S. 209, 221, 102 S. Ct. 940, 948, 71 L. Ed. 2d 78 (1981); *Engle v. Isaac*, 456 U.S. 107, 121, n.21, 102 S. Ct. 1558, n.21, 71 L. Ed. 2d 783 (1982).

Even in matters affecting fundamental constitutional rights the federal courts have a very limited scope of review. Title 28 U.S.C. § 2254(d) provides:

(D) An application for writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings.

The federal courts may not disturb the legal holdings of the state courts even if convinced they are erroneous. The federal courts may intervene only if the application of federal law is also objectively unreasonable. *Williams v. Taylor*, 529 U.S. 362, 120 S. Ct. 1495, 146 L. Ed. 2d 389 (2000). As to questions of fact, factual findings are presumed to be correct and a federal court will give deference to the state court's decision unless it "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2). The petitioner, however, may rebut "the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

*C. Discussion*

**Procedural Bar**

In Ground One, Sumrell argues that the application of the habitual offender sentence enhancement–life imprisonment without the possibility of parole–violated his right to due process. Specifically, Sumrell contends that the State failed to prove beyond a reasonable doubt that he had served one year or more for two prior felony convictions and that this evidentiary deficiency deprived him of due process**.** Ground Two an ineffective assistance of counsel claim, Ground Three a newly discovered evidence claim, and Ground Four a proportionality claim each arise out of the habitual offender sentence Sumrell received. The Respondents argue that these claims are procedurally barred due the Petitioner's failure to properly raise them in state court.

Generally, a federal court will not review a question of law decided by a state court if the decision of that state court rests on a state ground that is both independent of the federal claim and adequate to support that judgment. *Amos v. Scott*, 61 F.3d 333, 338 (5th Cir. 1995) (citing *Harris v. Reed*, 489 U.S. 255, 260, 262 (1989)). In simple form, the procedural bar doctrine is a rule which "applies to bar federal habeas [review] when a state court decline[s] to address a prisoner's federal claims because the prisoner ha[s] failed to meet a state procedural requirement." *Coleman v. Thompson*, 501 U.S. 722, 729-30, 111 S. Ct. 2546, 115 L. Ed. 2d 640 (1991). "Under the procedural default doctrine, a federal court may not consider a state prisoner's federal habeas claim when the state based its rejection of that claim on an adequate and independent state ground." *Pitts v. Anderson*, 122 F.3d 275, 278 (5th Cir. 1997).

In order to satisfy the independence requirement, the state court must "clearly and expressly" indicate that its judgment is independent of federal law and rests on a state procedural bar. *Amos*, 61 F.3d at 338. Denying Sumrell' claims, the Mississippi Supreme Court noted that issues not raised on direct appeal or before the trial court are procedurally barred. *See Sumrell*, 972 So.2d at 575 (citing *McFarland v. Entergy Miss.*, 919 So.2d 894, 904 (Miss. 2005)). A state procedural rule is adequate if it is strictly or regularly applied by the state courts. *Glover v. Cain*, 128 F.3d 900, 902 (5th Cir. 1997). A state procedural rule is afforded a presumption of adequacy when the state court expressly relies on it when declining to review a claim for collateral relief. *Lott v. Hargett*, 80 F.3d 161, 165 (5th Cir. 1996). A petitioner bears the burden of showing the absence of adequacy or independence. *Id.* The Fifth Circuit Court of Appeals has held that Mississippi's "contemporaneous objection" rule is an independent state procedural bar. *Stokes v. Anderson*, 123 F.3d 858, 860 (5th Cir. 1997). Accordingly, the court may not review the Petitioner's claims unless he can demonstrate cause and actual prejudice or that the court's refusal to address the claim will result in a fundamental miscarriage of justice. *Coleman*, 501 U.S. at 750.

To show cause a petitioner must demonstrate the existence of an objective external factor that caused the default such as interference by government officials or that the basis of the claim was not reasonably available. *Murray v. Carrier*, 477 U.S. 478, 488, 106 S. Ct. 2639, 91 L. Ed. 2d 397 (1986); *McClesky v. Zant*, 499 U.S. 467, 111 S. Ct. 1454, 113 L. Ed. 2d 517 (1991). As for prejudice, a petitioner must show "not merely that the errors . . . created the possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *Murray*, 477 U.S. at 493. The "miscarriage of justice" exception requires that the petitioner show that a constitutional violation probably resulted in the conviction of one who is actually, as opposed to legally, innocent of the crime. *Rodriguez v. Johnson*, 104 F.3d 694, 697 (5th Cir. 1997). A fundamental miscarriage of justice can also be shown where the petitioner can establish his factual innocence of the crime of conviction, by new reliable evidence not presented at trial. *Fairman v. Anderson*, 188 F.3d 635, 644 (5th Cir. 1999).

### "Cause" - Ineffective Assistance of Trial Counsel

Sumrell's Ground Two specifically addresses his trial counsel's purported failure to object to the amended indictment which added the habitual offender enhancement. On direct appeal, the Mississippi Court of Appeals found this claim to be without merit. *Sumrell*, 972 So.2d at 651. The State Supreme Court acknowledged that an ineffective assistance of counsel claim had been presented but never specifically addressed this issue. *Sumrell*, 972 So.2d at 575 ("the issues raised included the ineffective-assistance-of-counsel issue relating to the amendment of the indictment.").

Under certain circumstances ineffective assistance of counsel may excuse a procedural deficiency. *Murray* , 477 U.S. at 488-89 (ineffective assistance of counsel may arise in failing to properly preserve a claim for review in state court and in some circumstances may suffice as the "cause" required to save an otherwise procedurally barred claim); *Ellis v. Lynaugh*, 883 F.2d 363, 367 (5th Cir. 1989). "The ultimate determination whether counsel was constitutionally ineffective is a mixed question of law and fact that federal habeas courts have traditionally reviewed de novo."

*Carter v. Johnson*, 110 F.3d 1098, 1110 (5th Cir. 1997); *see, e.g., Salazar v. Johnson*, 96 F.3d 789, 791 (5th Cir. 1996); *United States v. Faubion*, 19 F.3d 226, 228 (5th Cir. 1994). However, after the Antiterrorism and Effective Death Penalty Act ("AEDPA") was enacted, "federal courts must now honor the conclusions of state courts regarding the constitutional effectiveness of counsel, unless such determinations constitute an 'unreasonable application' of clearly established federal law, as determined by the Supreme Court." *Carter*, 110 F.3d at 1110; *see* AEDPA, Pub. L. No. 104-132, § 104 (3), 110 stat. 1218; *see also Moore v. Johnson*, 101 F.3d 1069, 1075-76 (5th Cir. 1996) (holding that ineffective assistance of counsel claims are reviewed under the "unreasonable application" standard).

"To establish ineffective assistance of counsel, a petitioner must show that (1) his counsel's performance was deficient and (2) the deficient performance prejudiced his defense." *Pitts v. Anderson*, 122 F.3d 275 (5th Cir. 1997); *see Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064, 80 L. Ed 2d 674 (1984). "A court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Strickland*, 466 U.S. at 689. The court is not to analyze counsel's actions in hindsight, but rather to judge his or her decisions in a "highly deferential" manner. *Motley v. Collins*, 18 F.3d 1223, 1226 (5th Cir. 1994) (quoting *Strickland*, 466 U.S. at 689). If counsel's performance is deemed to have been deficient, "then [the court] must determine whether there exists a reasonable probability that but for the complained-of error the outcome of the trial or appeal would have been different." *Pitts*, 122 F.3d at 279 (quoting *Sharp v. Johnson*, 107 F.3d 282, 286 n.9 (5th Cir. 1997)).

Sumrell's claim, however, is unavailing. Foremost, Sumrell's trial attorney was not deficient. Counsel did object to the amended indictment on several occasions though he was ultimately unsuccessful. Trial Tr. 26-28, 115:27-29 to 116:1-20 (May 17, 2004). He, thus, cannot be deemed

deficient for failing to prevail. Secondly–though admittedly delving into state law– under Rule 7.09 of the Uniform Rules of Circuit and County Practice an indictment may be amended to charge a defendant as an habitual offender only if the he is given a "fair opportunity to present a defense and is not unfairly surprised." *Adams v. State*, 772 So.2d 1010, 1021 (Miss. 2000). It has been held that the State can amend an indictment to charge a defendant as an habitual offender even after the jury has returned a guilty verdict. *Wilson v State*, 935 So.2d 945 (Miss. 2006) (defendant had notice because he was originally indicted as an habitual offender under Miss. Code Ann. § 99-19-81).

Such is the case here. Sumrell was indicted on February 4, 2004, as an habitual offender under Miss. Code Ann. § 99-19-81.[1] On May 5, 2004, the State filed a motion to amend the indictment "correcting a typographical error" to reflect Miss. Code Ann. § 99-19-83. That same day the motion was granted. Over Defendant's objections to the amendment, the trial began on May 17, 2004. Under the reasoning in *Wilson*, Sumrell did have sufficient notice and a fair opportunity to present a defense to the inclusion of the habitual offender statute. Therefore, the Mississippi Court of Appeals' determination that counsel's assistance was effective does not involve an unreasonable application of federal law. Sumrell's Ground Two related to the deficient performance of trial counsel has no merit. Thus, his trial counsel's performance does not establish "cause" which might excuse the procedural default.

## "Cause" - Ineffective Assistance of Appellate Counsel

As part of Grounds One, Two and Three, however, Sumrell essentially argues that his appellate counsel was also ineffective for failing to challenge the State's evidence in support of the application of the habitual offender statute. Although presented in various forms, each of these Grounds arises out of the State's alleged failure to prove that Sumrell was sentenced to and actually

---

[1] This statute allows an habitual offender to be sentenced to the *maximum term of imprisonment prescribed* without the possibility of parole. Miss. Code Ann. § 99-19-81 (emphasis added).

8

served more than one year for the prior felony convictions as required by the habitual offender statute. Sumrell claims that he urged his appellate attorney to include this argument in the direct appeal and the petition for writ of certiorari. The record does, in fact, corroborate Sumrell's attempts to put this argument before the Court of Appeals and the Supreme Court. *See Sumrell*, 972 So.2d at 574-75.[2]

Claims of ineffective assistance of appellate counsel are also subject to the exhaustion requirement of 28 U.S.C. § 2254(b)(1). *Edwards v. Carpenter*, 529 U.S. 446, 450-53, 120 S. Ct. 1587, 1591-593, 146 L. Ed. 2d 518 (2000). Sumrell presented a claim for ineffective assistance of trial and appellate counsel in this motion for post-conviction relief filed in the Mississippi Supreme Court. Although inartful, he specifically alleged that counsel neglected to argue the State's failure to prove the necessary elements of § 99-19-83 for sentencing as an habitual offender. The motion was ultimately denied by the Supreme Court as having been "previously addressed." It is not at all clear that the Court recognized Sumrell's ineffective assistance of counsel claim. The inquiry nevertheless turns on whether Sumrell's appellate attorney rendered ineffective assistance when he failed to set forth a claim challenging the sufficiency of the evidence adduced during the sentencing phase. *Blankenship v. Johnson*, 118 F.3d 312, 318 (5th Cir. 1997).

The Constitution guarantees a criminal defendant the effective assistance of counsel on appeal. *Evitts v. Lucey*, 469 U.S. 387, 105, S. Ct. 830, 83 L. Ed. 2d 821 (1985). It has long been held that appellate counsel is not constitutionally ineffective for refusing to raise every nonfrivolous

---

[2] The State Supreme Court detailed Sumrell's pro se attempts to appeal his sentence. The attempts, however, fell on deaf ears because Sumrell was represented by counsel. As noted by the Court, Sumrell attempted to perfect his own appeal claiming, *inter alia*, "he was illegally sentenced under the habitual-offender statute." Sumrell copied his attorney. Sumrell later sent a "letter" to the Court again sending a copy to his attorney. In the letter, Sumrell explained that he wanted his attorney to supplement his brief with the argument "that the State failed to prove that he was sentenced to, and actually served, a year on each of the underlying offenses." His request went unanswered.

issue on appeal, even those requested by the defendant. *Jones v. Barnes*, 463 U.S. 745, 754, 103 S. Ct. 3308, 3317, 77 L. Ed. 2d 987 (1983). Appellate counsel is also not obligated to raise issues on appeal that were preserved by way of objection in the trial court. *Id.* at 75. Under the *Strickland* standard, a petitioner must show a reasonable probability that, but for his counsel's deficient representation, he would have prevailed on his appeal. *Briseno v. Cockrell*, 274 F.3d 204, 207 (5th Cir. 2001).

As discussed in greater detail *infra*, the court does find that Sumrell's appellate counsel was ineffective during the direct appeal and certiorari review. Appellate counsel appears to have conducted only a cursory review of the trial court record evidenced by the fact that he could "find no record of trial's [sic] counsel's objection to the amendment." Pet. for Writ of Cert., p.4-5 (May, 18, 2007). When, in fact, Sumrell's trial counsel did object and argue such objections prior to the beginning of trial and at the close of evidence. Trial Tr. 26-28, 115:27-29 to 116:1-20. Appellate counsel clearly missed an indispensable opportunity to call the Court of Appeals' attention to a serious evidentiary deficiency in the form of the State's failure to prove beyond a reasonable doubt that Sumrell qualified as an habitual offender under § 99-19-83. Although he did attempt to mount a challenge to the inclusion of § 99-19-83 in the amended indictment, appellate counsel failed to see the forest through the trees. Appellate counsel posed this challenge in the form of ineffective assistance of counsel due to trial counsel's purported failure to object to the amendment. He should have instead, as did trial counsel, focus on the substance of the amended indictment and the absence of proof related to the elements of an habitual offender.

To constitute "cause", however, Sumrell must also show a reasonable probability that, but for his appellate counsel's deficient representation, he would have prevailed on his appeal. In light of the opinions from the Court of Appeals and the Supreme Court, Sumrell cannot satisfy this burden. Each of these reviewing courts, in one form or another, determined that Sumrell was appropriately sentenced as an habitual offender. These respective decisions all but foreclose any

possibility that Sumrell "would have prevailed" but for his counsel's deficient performance. Thus, the ineffective assistance of his appellate counsel does not amount to the requisite "cause" that would overcome the procedural bar.

### Fundamental Miscarriage of Justice

Sumrell's only viable option to excuse his procedural default is if he can demonstrate that the failure to review his claim will result in a "fundamental miscarriage of justice." *See Dretke v. Haley*, 541 U.S. 386, 393-96, 124 S. Ct. 1847, 1852-54, 158 L. Ed. 2d 659 (2004) ("a federal court faced with allegations of actual innocence, whether of the sentence or of the crime charged, must first address all nondefaulted claims for comparable relief and other grounds for cause to excuse the procedural default."). In order to be actually innocent of a non-capital sentence, the petitioner must show that "but for the constitutional error he would not have been legally eligible for the sentence he received." *Sones v. Hargett*, 61 F.3d 410, 418-19, n.16 (5th Cir. 1995) (noting the assumption that "actual innocence" is applicable to the penalty phase). Sumrell must therefore establish that, but for the alleged deprivation of due process, he would not have been deemed an habitual offender and thus would not have received a sentence of life imprisonment. *Id.* at 419. *But see Haley*, 541 U.S. at 393-96 (declining to specifically address the application of the actual innocence exception to non-capital sentencing errors); *cf. Spence v. Superintendant, Great Meadow Corrctional Facility*, 219 F.3d 162 (2d Cir. 2000) (actual innocence exception to the procedural default rule applies in non-capital sentencing context when error is related to finding a predicate act forming the basis for enhancement). The fundamental miscarriage of justice is a rare exception to demonstrating cause and prejudice, and a court should apply it only in the "extraordinary case." *Haley*, 541 U.S. at 394; *Schulp v. Delo*, 513 U.S. 298, 321-22, 115 S. Ct. 851, 864-65, 130 L. Ed. 2d 808 (1995).

Since the court has determined that Sumrell's ineffective assistance of counsel claims do not provide a basis to overcome the procedural bar, the court will review the record for other alleged

11

constitutional error. In Ground One, Sumrell argues that the application of the habitual offender sentence enhancement–life imprisonment without the possibility of parole–violated his right to due process because the State failed to prove beyond a reasonable doubt that he had actually *served* one-year on the prior robbery conviction. This court agrees. As discussed in greater detail below, the court finds that Sumrell was denied due process in violation of the Fourteenth Amendment and, despite the procedural bar, the failure to consider his claim will result in a fundamental miscarriage of justice. *Thompson v. Louisville*, 362 U.S.199, 80 S. Ct. 624, 4 L. Ed. 2d 654 (1960) (when there is no factual basis for a defendant's conviction as an habitual offender it follows that the defendant has been denied due process of law).

## Habitual Offender Adjudication

As noted *supra*, Sumrell was found guilty of felony shoplifting. He was sentenced as an habitual offender pursuant to Miss. Code Ann. § 99-19-83.

The Mississippi habitual offender statute provides:

> Every person convicted in this state of a felony who shall have been convicted twice previously of any felony or federal crime upon charges separately brought and arising out of separate incidents at different times and who shall have been sentenced to and *served* separate terms of *one (1) year* or more in any state and/or federal penal institution, whether in this state or elsewhere, and where any one (1) of such felonies shall have been a crime of violence shall be sentenced to life imprisonment, and such sentence shall not be reduced or suspended nor shall such person be eligible for parole or probation.

*Id.* (emphasis added). According to the plain language of the statute, the defendant must not only have been sentenced to but must have actually *served* at least one year for each prior felony conviction to receive the sentence enhancement. The Mississippi Supreme Court has held that "serving one year or more on concurrent sentences imposed for separate convictions arising out of separate incidents at different times amounts to serving more than one year on each sentence." *King v. State*, 527 So.2d 641 (Miss. 1988) *Benson; Bogard v. State*, 624 So.2d 1313, 1320-21 (Miss.

12

1993); *cf. Benson v. State* 551 So.2d 188, 196 (Miss. 1989) (sentence served concurrently for separate incidents does not satisfy § 99-19-83).

On April 26, 2005, a sentencing hearing was held to determine if Sumrell qualified for sentencing as an habitual offender. At the sentencing hearing, the State presented Melvin Edwards a probation officer with the Mississippi Department of Corrections ("MDOC"). Sent. Hrg. Tr. 132:19-29 (Apr. 26, 2005). The State offered evidence authenticated through Edwards which consisted of documents collectively referred to as a "pen pack." *Id.* at 133:25-29. Edwards explained that a pen pack included records kept by MDOC which reflect an offender's prior convictions and time served. *Id.* at 134:3-6. Apart from the pen pack which was admitted into evidence, the only testimony regarding Sumrell's prior convictions came from Edwards' review of the pen pack:

> It shows that in Washington County Cause No. 22,242 that Mr. Sumrell was convicted 9/23 of 1991 for the charge of robbery, which he was sentenced to three years supervised probation. And it also shows a second conviction in Washington County Cause No. 23, 077 that he was convicted on 2/22/1993 [for] possession of cocaine.

*Id.* at 134:16-22. Edwards' testimony and the pen pack are the only proof in the record regarding Sumrell's past convictions. Noticeably absent, however, is any reference to the amount of time Sumrell actually served for his previous crimes–an essential element of the habitual offender statute. *Ellis v. State*, 485 So.2d 1062, 1063-64 (Miss. 1986). Likewise, the sentencing order entered following the third-offense felony shoplifting conviction also neglected to include any reference to the amount of time Sumrell actually served for his prior convictions.[3] In direct transgression of the

---

[3] The felony shoplifting amended indictment was similarly deficient in that it lack any reference to the amount of time Sumrell served in prison. *See Ellis*, 485 So.2d at 1262 (remanded for resentencing where indictment did not allege that the defendant had actually served any time).

13

statute and interpretation by state courts, the sentencing order[4] instead focused on the number of years Sumrell was sentenced to for his prior convictions as opposed to the time he actually served.

There being insufficient evidence in the transcripts and sentencing order, the court will proceed to review the pen pack. *King v. State*, 527 So.2d 641, 646 (Miss. 1988) (commitment papers are competent evidence of previous convictions for purposes of proving that a defendant is an habitual offender). The pen pack consists of several documents related to Sumrell's prior convictions referred to by Edwards in the sentencing hearing. The first such conviction was a 1991 robbery cause number 22,242, for which Sumrell was sentenced to three-years probation.[5] Importantly, Sumrell did not serve any time in prison until he was arrested on February 11, 1993, for possession of cocaine cause number 23,077. On February 22, 1993, Sumrell pled guilty to possession of cocaine and was sentenced to "a term of 3 years concurrent with probation revocation in cause #22,242." Despite the language of the order, the pen pack established that Sumrell's parole was not revoked until July 20, 1993, when the court issued an "Amended Order of Revocation of Probation."[6] Sumrell was released from confinement on March 23, 1994.

Appealing from his conviction and sentence, Sumrell presented a variation of this argument as an ineffective assistance of counsel claim. *See Sumrell*, 972 So.2d at 651-52 (direct appeal); *Sumrell*, 972 So.2d at 574 (cert. review). Sumrell specifically argued that his trial counsel was ineffective when he failed to object to the amendment of the indictment which added the habitual

---

[4] The relevant portions of the sentencing order are quoted in the factual recitation *supra*.

[5] There is no order for Sumrell's original robbery sentence. Rather, an "Amended Order of Revocation of Probation" dated July 20, 1993, states that Sumrell was originally sentenced to three years probation. There is no dispute as to the length or nature of his original sentence.

[6] During certiorari review, three dissenting justices also called attention to this fact. *Sumrell*, 972 So.2d at 578. The majority, however, perplexingly stated that Sumrell's probation was revoked on February 22, 1993, the same day he was convicted for possession of cocaine in cause number 23,077. *Id.* at 576.

offender enhancement. The Mississippi Court of Appeals denied the claim and correctly noted that trial counsel did, in fact, object to the amendment though his efforts were ultimately unsuccessful. *Sumrell*, 972 So.2d at 651-52.

The Mississippi Supreme court granted certiorari. *Sumrell*, 972 So.2d at 572. The Court first discussed whether or not Sumrell had sufficiently preserved the issues for review. *Id.* at 574-75. Although he was represented by counsel during appellate and certiorari review, Sumrell attempted to present the due process claim in pro se motion for post-conviction relief and a pro se motion for writ of certiorari. *Id.* The State Supreme Court found that his attempts did not comply with procedural rules and held that the claim was barred. *Id.* at 575. The Court, however, addressed the merits of the claims including the precise issue here, i.e. "whether Sumrell was properly sentenced under Mississippi's habitual offender statute." *Id.* at 575-576.

After reviewing the pen pack, the majority of the Court held, *inter alia*, that Sumrell's probation in cause number 22,242 was revoked on February 22, 1993, and that he was sentenced to three-years incarceration. *Id.* at 575-76. The Court found on that same day February 22, 1993, Sumrell was convicted of possession of cocaine in cause number 23,077 and sentenced to three-years imprisonment to run concurrent with his robbery sentence. *Id.* The majority held that "the pen pack establish[ed] that Sumrell, in fact, was sentenced and served a year on the separate offenses of robbery and possession of cocaine." *Id.* Thus, the Court concluded, his sentence as an habitual offender was appropriate. *Id.*

The dissenters, however, succinctly point out that "the order entered on [February 22, 1993] sentenced Sumrell only on the possession charge. The trial court did not order his probation revoked until July [1993]." *Id.* at 578. This, of course, is a crucial distinction since the habitual offender statute requires that a defendant actually serve one year each for two prior, separate, felony convictions.

This court has poured over the sentencing hearing transcripts and obtained a copy of the pen pack so heavily relied upon by the state courts. With all due deference to the state courts' decisions, this court cannot find sufficient proof in the record to support sentencing Sumrell as an habitual offender under § 99-19-83. Rather, this court agrees with the dissenting justices that Sumrell's probation was not revoked on February 22, 1993 but was, instead, revoked on July 20, 1993. As a result, Sumrell did not and could not have served one-year on the robbery charge. The State presented evidence of only one prior qualifying conviction–the possession conviction. Therefore, Sumrell, having served less than one-year for one of the two prior felony convictions, does not meet the requirements of the habitual offender statue.

A time line will, perhaps, provide some clarity. By all accounts, Sumrell began serving time on February 11, 1993, when he was arrested for possession of cocaine. The pen pack indicated that Sumrell was sentenced for the possession charge on February 22, 1993. The pen pack also established, contrary to the majority certiorari opinion, that Sumrell was sentenced for the revocation of his robbery probation violation on July 20, 1993.[7] It is undisputed that Sumrell was released from incarceration on both the robbery and possession of cocaine sentences on March 23, 1994. Accordingly, as to his possession of cocaine sentence Sumrell was incarcerated from February 11, 1993 until March 23, 1994, which means he served one-year, one-month and twelve-days in jail. As for the revocation of probation for the robbery sentence, this court finds that Sumrell was in jail from July 20, 1993 until March 23, 1994, or eight-months and three-days.

---

[7] Admittedly, the possession of cocaine sentencing order states that Sumrell's sentence will be "concurrent with probation revocation" for the robbery charge. It was likely the circuit court's intention to revoke Sumrell on the same day, February 22, 1993. There is, however, absolutely no proof that Sumrell's probation was revoked on that day. To the contrary, the documents prove that Sumrell's probation was revoked when an "Amended Order of Revocation of Probation" was entered by the circuit court on July, 20, 1993. MDOC commitment papers are also consistent with this date. The commitment notice for the robbery charge cause number 22,242 was stamped "received" by "CMCF" (Central Mississippi Correctional Facility) on July 30, 1993 and on August 9, 1993 by another "record office."

As noted *supra*, concurrent sentences imposed for separate convictions will satisfy the habitual offender statute. So, if Sumrell had been sentenced for the possession and the robbery charges on the same day–as the majority certiorari court found–he would have served two concurrent sentences of at least one-year each. The record in this case does not support this conclusion. The documents, instead, clearly show that Sumrell was sentenced on February 22, 1993 for possession of cocaine and on July 20, 1993 for revocation of his parole related to the robbery charge. Consequently, applying the statutory language, Sumrell served more than one-year for the possession of cocaine offense but served less than one-year for the robbery charge. The court, thus, concludes that Sumrell did not qualify as an habitual offender under Mississippi law.

During the penalty phase, the trial court seems to have completely overlooked the statutory elements and the interpretation given to the statute by the Mississippi Supreme Court.[8] The reviewing courts appear to have inferred the time Sumrell "actually served" by engaging in unreasonable fact finding or finding facts this court is unable to substantiate. *See Doe v. Menefee*, 391 F.3d 147, 164 (2d Cir. 2004) (factual findings can be considered erroneous where the trial court incorrectly assessed the probative value of various pieces of evidence, leading it to rely on speculation). In this court's opinion, it would be entirely unreasonable and result in a miscarriage of justice to sentence a man to life imprisonment without requiring the prosecution to satisfy its burden of proof beyond all reasonable doubt. *Davis v. State*, 680 So.2d 848, 851 (Miss. 1996) (the State is required to prove each element of the habitual offender statute beyond all reasonable doubt). From a detailed review of the record, there is insufficient evidence to prove beyond all reasonable doubt that Sumrell had actually *served* at least one year on two prior and separate felony convictions as required by the statute.

---

[8] The lessor of this State's two habitual offender statutes Miss. Code Ann. § 99-19-81 allows the court to consider length of a sentence imposed rather than the time actually served.

For a claim of insufficient evidence the federal court's review is limited to determining whether, based upon the record evidence adduced at trial, no rational trier of fact could have found proof of guilt beyond a reasonable doubt. *Lucas v. Johnson*, 132 F.3d 1069, 1078 (5th Cir. 1998) (citations omitted). The court's review of the evidence is conducted in the light most favorable to the verdict. *Selvage v. Lynaugh*, 823 F.2d 845, 847 (5th Cir. 1987). Even with this deferential standard, the court finds that no rational trier of fact after having carefully reviewed the pen pack could have found the proof sufficient to justify the application of the habitual offender statute to Sumrell.

### Harmless Error

Having concluded that Sumrell was denied due process, the court must now determine whether the error was harmless. Once the petitioner has made a showing of actual innocence, the court must then determine whether the constitutional error was harmless. *Schulp v. Delo*, 513 U.S. 298, 316, 115 S. Ct. 851, 851, 130 L. Ed. 2d 808 (1995). Harmless error review requires the court to focus on the impact the constitutional violation had, if any, upon the verdict or outcome. *Kotteakos v. United States*, 328 U.S. 750, 764, 66 S. Ct. 1239, 90 L. Ed. 1557 (1946).

Here the "impact" of the constitutional violation is evident. Sumrell was originally indicted for felony shoplifting as an habitual offender pursuant to Miss. Code Ann. § 99-18-81. If Sumrell had been sentenced under this statute he would have faced only five years imprisonment, the maximum term prescribed for third-offense felony shoplifting. *See* Miss. Code Ann. § 97-23-93(1) and (6). Instead, after the indictment was amended, Sumrell was sentenced to life imprisonment without the possibility of parole pursuant to Miss. Code Ann. § 99-18-83. The difference between five years and life imprisonment for a then thirty-six year old Sumrell can not seriously be entertained as harmless error. *Chapman v. California*, 386 U.S. 18, 24, 87 S. Ct. 824, 828, 17 L. Ed. 2d 705 (1967) (before a federal constitutional error can be held harmless, the court must believe

it was harmless beyond a reasonable doubt). The record in the case leaves no doubt as to whether the due process deprivation affected the outcome of Sumrell's sentence.

**Habeas Relief**

A federal court reviewing a state habeas petition may grant relief when the court "is left with the definite and firm conviction that a mistake has been committed." *Anderson v. City of Bessemer City*, 470 U.S. 564, 573, 105 S. Ct. 1504, 84 L. Ed. 2d 518 (1985). This court is firmly convinced that a serious mistake has been made in the sentencing court and not corrected by the reviewing courts. Accordingly, the court holds that this matter should be remanded for resentencing. Article 3 Section 22 of the Mississippi Constitution and the double jeopardy clause prohibits the State from successive resentencing under § 99-19-83. *See also Tibbs v. Florida*, 457 U.S. 31, 41 102 S. Ct. 2211, 2217, 72 L. Ed. 2d 652 (1982). Based on the proof presented in this case, Sumrell may, therefore, be resentenced as originally indicted under Miss. Code. Ann. § 99-19-81. *Nathan v. State*, 552 So.2d 99 (Miss. 1989) (a trial judge may sentence under § 99-19-81 if the proof fails to meet § 99-19-83).

*D. Conclusion*

The court has concluded Petitioner is entitled to habeas relief. From a meticulous review of the record, it appears that Petitioner's right to due process was violated when he was sentenced as an habitual offender because the State failed to prove an essential element of the statute. Furthermore, the reviewing state courts' decisions were based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. 28 U.S.C. § 2254(d)(2). Sumrell's sentence as an habitual offender pursuant to Miss. Code Ann. § 99-19-83 shall be vacated. Therefore, this matter shall be remanded to the Circuit Court of Washington County, Mississippi for resentencing in accordance with this opinion. The resentencing should occur within ninety (90) days of the entry of this opinion. This opinion, however, has no effect upon the validity of Sumrell's

conviction for felony shoplifting. Rather, this opinion is expressly limited to the habitual offender portion of his sentence.

A final judgement shall issue in accordance with this opinion.

This the 9th day of April, 2009.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE