# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# GREENVILLE DIVISION

**MARK D'WAYNE SUMRELL**                                                                  **PETITIONER**

**V.**                      **NO. 4:08CV068-P-S**

**STATE OF MISSISSIPPI, et al.**                                                      **RESPONDENTS**

## MEMORANDUM OPINION

This cause comes before the court on the Respondents' motion to alter or amend the final judgment pursuant to Rule 59(e).

*A. Factual and Procedural Background*

On April 9, 2009, the court issued a memorandum opinion and final judgment granting Mark Sumrell habeas relief. The court found that there was insufficient proof in the record to support Sumrell's sentence of life without the possibility of parole under Mississippi's habitual offender statute § 99-19-83. Specifically, after thorough review, the court held that the State had failed to prove Sumrell had actually served at least one year on two prior and separate felony convictions as required by the statute. As a result, the court issued a final judgment vacating Sumrell's sentence and remanding him to state court for resentencing.

Before arriving at this conclusion, however, Sumrell had to overcome the procedural bar. Since he had failed to preserve his claim during direct appeal and post-conviction review, he could excuse the bar in one of two ways, by either showing "cause and prejudice" for his default or that a "miscarriage of justice" would occur if the court failed to review his claim. In the memorandum opinion, the court reviewed Sumrell's attempts to demonstrate "cause and prejudice" and determined that he could not overcome the procedural deficiency based on ineffective assistance of counsel. Sumrell's only available option, therefore, was to invoke the miscarriage of justice exception. As discussed in the prior opinion, Sumrell could satisfy this exception by showing his "factual innocence." Although the substantive claim and the miscarriage of justice exception were inevitably

intertwined, the court determined that Sumrell was actually innocent of the sentence because there was insufficient evidence in the record to substantiate the habitual offender enhancement. Thus, the finding of factual innocence necessary to overcome the procedural bar arose out of Sumrell's insufficiency of the evidence or due process claim.

Since there was virtually no proof in the transcripts or sentencing order[1], this court's holding was, in large part, based upon the "pen pack"[2] entered into evidence in the sentencing court. In this court's assessment, there was insufficient proof in the pen pack to establish that Sumrell had served two prior one-year sentences as required to impose a sentence of life without the possibility of parole under Miss. Code Ann. § 99-19-83. Accordingly, the court implicitly held that Sumrell had established both that he was factually innocent of the sentence and that a due process violation had occurred during the penalty phase. Therefore, despite the procedural bar, the court reviewed the merits of his due process claim based upon the "miscarriage of justice exception" which concerned Sumrell's actual innocence.

With their current post-judgment motion, the Respondents have provided documentation that refutes Sumrell's actual innocence demonstration. Importantly, the exhibits now being offered were not part of the state court record that was before the sentencing court or the later reviewing courts. These documents were not part of the pen pack so heavily relied upon by the state courts. The current exhibits include, for the first time, the original order of revocation of probation for the robbery conviction number 22,242, dated February 22, 1993. The exhibits also include "prisoner commitment" orders which were likewise not in the pen pack. The Respondents argue that the court

---

[1] In fact, the order sentencing Sumrell under § 99-19-83, failed to include any reference to the amount of time he had "actually served" for prior convictions. Rather, the sentencing order, in direct contradiction of the statute, recited only the length of Sumrell's prior sentences.

[2] To avoid repetition, see the memorandum opinion for a thorough discussion of the pen pack and its contents.

should vacate the final judgment because the pen pack standing alone was sufficient to warrant the application of the habitual offender enhancement. For reasons thoroughly discussed in the prior opinion, which will not be reproduced here, the court maintains that the state court record–exclusive of the currently proffered exhibits–did not include sufficient evidence of the time actually served for prior convictions which would justify Sumrell's sentence. Notwithstanding, the insufficiency, these newly offered exhibits rebut Sumrell's showing of actual innocence.

## B. Standard for Review

Rule 59(e) of the Federal Rules of Civil Procedure allows a party to motion the court for reconsideration of a final judgment. *See Patin v. Allied Signal, Inc.*, 77 F.3d 782, 785 n.1 (5th Cir. 1996). The court has considerable discretion when deciding a Rule 59(e) motion. *Hale v. Townley*, 45 F.3d 914, 921 (5th Cir. 1995). The narrow purpose of a motion for reconsideration is to allow a party to correct manifest errors of law or fact or present newly discovered evidence. *Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989).

## C. Discussion

The facts of this case, specifically during the penalty phase, are troubling to say the least. In light of the record available during the original review of this case–which is the same information before the sentencing court and the reviewing state courts–the court remains steadfast that there was insufficient evidence to sentence Sumrell to life imprisonment without the possibility of parole under § 99-19-83. At best, the state court record raised only the *possibility* that Sumrell served enough time to bring him within the habitual offender statute. Logically, a mere possibility, however, does not satisfy the State's burden of proof beyond a reasonable doubt. The court is resolute in its holding that a due process violation occurred when Sumrell was sentenced to life imprisonment without the possibility of parole.

As noted in the prior opinion, Sumrell's due process claim based upon insufficient evidence was procedurally defaulted and, thus, was not appropriate for federal review unless an exception to

the bar applied. Having failed to establish "cause and prejudice" by meeting the *Strickland* standard for ineffective assistance of counsel, Sumrell's only recourse was to demonstrate that he was actually innocent of the sentence imposed. Liberally construing the petition, this was accomplished by showing he was innocent-of-the-sentence due to the State's failure to prove an essential element of the offender statute. Therefore, the court reviewed the due process claim only by finding that Sumrell had overcome the procedural bar via the "miscarriage of justice" exception.

As comprehensively reviewed in the prior opinion, the statute requires that a defendant has actually served at least one year imprisonment for two, separate, prior felony convictions to warrant status as an habitual offender. The "actually served" element can be satisfied with concurrent sentences served for separate unrelated convictions. Crucial to this court's grant of habeas relief was the finding that Sumrell had not actually served enough time for his prior robbery conviction to be considered under § 99-19-83. Again, based on the pen pack entered into evidence in the state court, this court found that Sumrell had served only eight-months and three-days for the robbery conviction–not enough to time to use the prior conviction under § 99-19-83.

The Respondents' exhibits, while irritatingly dilatory, refute Sumrell's assertion of actual innocence upon which this court relied to excuse the procedural bar, reach the merits of his claim and ultimately conclude he was entitled to habeas relief. *See Moore v. Estelle*, 526 F.2d 690, 694 (5th Cir. 1976) (the court can take judicial notice of the record of state court proceedings). Despite the court's resolve that Sumrell was denied due process during sentencing, it is now abundantly clear that Sumrell was not actually innocent of the sentence.

The exhibits currently being offered contradict the court's previous finding and conclusively show that Sumrell did, in fact, qualify as an habitual offender pursuant to § 99-19-83. The Respondents have supplied a copy of the original revocation of probation for the robbery conviction, cause number 22,242. The order, which was not part of the pen pack, indisputably proves that Sumrell was sentenced to and actually served more than one-year imprisonment for the robbery

charge. The commitment orders proffered, unlike the documents in the pen pack, are consistent with this finding. Sumrell is, thus, not actually innocent of the sentence imposed and he cannot successfully raise an exception to the procedural bar. Procedurally barred claims do not provide a basis for habeas relief and the court is, therefore, precluded from reviewing the due process claim. More importantly, a procedurally barred claim cannot support the extraordinary remedy a writ of habeas provides.

*D. Conclusion*

Based on the exhibits now being offered by the Respondents, the court must as a matter of law reverse course. The court is procedurally barred from reviewing the due process claim upon which habeas relief was granted in the April 9, 2009, memorandum opinion and final judgment. Sumrell cannot demonstrate any exception to the relieve him of the bar. Therefore, he is not entitled to habeas relief. Respondents' motion to alter judgment is granted. The prior opinion and final judgment granting habeas relief shall be withdrawn.

A final judgement shall issue in accordance with this opinion.

This the 8th day of May, 2009.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE